IN THE COURT OF CRIMINAL APPEALS

OF TEXAS
 

 



 

NO. AP-76,647
 




 

EX PARTE JIMMIE MARK PARROTT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. 1227343-B IN THE 230TH DISTRICT COURT 

 HARRIS COUNTY




 

 

 Meyers, J., filed a dissenting opinion. 


DISSENTING OPINION

 

 By concluding that Applicant must prove harm to obtain relief in a writ of habeas
corpus premised on an illegal-sentence claim, the majority essentially created a new law
without any basis. In effect the majority has done nothing. The majority determined that
Applicant failed to prove harm because he had been previously convicted of other
offenses that support the punishment range within which he was previously admonished
and sentenced. That is not a measure of lack of harm, but just an opinion of how the State
could have gotten it right. The State is not entitled to do it over and we have no clue as to
whether or not the other final convictions were valid. The habeas judge found that based
on the record there were alternative, prior felony convictions that could have been used to
enhance Applicant's punishment. 

 What right does this judge have to say that these prior convictions were valid? 
And where does the majority leave Applicant now? 

 Well this guy is now completely out of luck because he cannot appeal this denial
and he cannot file another writ. Yet, there is no final judgment and he is still serving an
illegal sentence. The majority did not correct the problem or substitute another offense to
enhance his punishment, and we do not even know whether any of the alternative prior
felony convictions were valid. Instead of creating new law, the majority should have
vacated the plea. 

 With these comments, I respectfully dissent. 

 Meyers, J. 

Filed: January 9, 2013 

Publish